IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CRAIG MICHAEL PEARSON,<br><br>    Defendant. | No. CR02-0091-LRR<br>No. C05-0013-LRR<br><br>ORDER |

This matter comes before the court on the defendant's motion to vacate, set aside or correct his sentence (Docket No. 50). The defendant's motion was filed pursuant to 28 U.S.C. § 2255.¹ For the following reasons, the defendant's 28 U.S.C. § 2255 motion shall be denied.²

---

¹ If a prisoner is in custody pursuant to a sentence imposed by a federal court and such prisoner claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the prisoner] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. *See also Daniels v. United States*, 532 U.S. 374, 377, 121 S. Ct. 1578, 149 L. Ed. 2d 590 (2001).

² No response from the government is required because the motion and file make clear that the defendant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Similarly, an evidentiary hearing is not necessary. *See id. See also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without

(continued...)

# I. BACKGROUND

On November 15, 2002, the grand jury returned and the government filed an indictment against the defendant. On January 3, 2003, the defendant appeared before Chief Magistrate Judge John A. Jarvey for a change of plea hearing. At such hearing, the defendant pleaded guilty to conspiracy to manufacture a controlled substance.[3] On the same day, Chief Magistrate Judge John A. Jarvey entered a report and recommendation that a United States District Court Judge accept the defendant's plea of guilty. On January 22, 2003, the court entered an order adopting the report and recommendation pertaining to the defendant's guilty plea. On April 24, 2003, the court sentenced the defendant to 165 months imprisonment and 3 years supervised release. On the same day, judgment entered against the defendant. The defendant did not file an appeal.

On January 24, 2005, the defendant filed the instant motion. In his 28 U.S.C. § 2255 motion, the defendant challenges his conviction and resulting sentence based on alleged violations of the United States Constitution. On January 28, 2005, the defendant filed a brief in support of his 28 U.S.C. § 2255 motion. To support his 28 U.S.C. § 2255 motion, the defendant, among other things, relies on the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

---

(...continued)
an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

[3] The conduct charged in the indictment is in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 846.

The court now turns to consider the defendant's motion pursuant to 28 U.S.C. § 2255.

## II. ANALYSIS

### A. Standards Applicable to Motion Pursuant to 28 U.S.C. § 2255

28 U.S.C. § 2255 allows a prisoner in custody under sentence of a federal court to move the sentencing court to vacate, set aside or correct a sentence. To obtain relief pursuant to 28 U.S.C. § 2255, a federal prisoner must establish: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) his sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962) (citing 28 U.S.C. § 2255).

Although it appears to be broad, 28 U.S.C. § 2255 does not provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct. 2235, 60 L. Ed. 2d 805 (1979). Rather, 28 U.S.C. § 2255 is intended to redress only "fundamental defect[s] which inherently [result] in a complete miscarriage of justice" and "omission[s] inconsistent with the rudimentary demands of fair procedure." *Hill*, 368 U.S. at 428. *See also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice.") (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987)). A collateral challenge under 28 U.S.C. § 2255 is not interchangeable or substitutable for a direct appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (making clear a motion pursuant to 28 U.S.C. § 2255 will not be allowed to

3

do service for an appeal). Consequently, "[a]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *Id.* (internal quotation marks and citation omitted).

In addition, defendants ordinarily are precluded from asserting claims they failed to raise on direct appeal. *See McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). "A defendant who has procedurally defaulted a claim by failing to raise it on direct review may raise the claim in a [28 U.S.C. §] 2255 proceeding only by demonstrating cause for the default and prejudice or actual innocence." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). *See also Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003) ("The general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice."). "'[C]ause' under the cause and prejudice test must be something *external* to the [defendant], something that cannot be fairly attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (emphasis in original). If a defendant fails to show cause, a court need not consider whether actual prejudice exists. *McCleskey v. Zant*, 499 U.S. 467, 501, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). Actual innocence under the actual innocence test "means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24. *See also McNeal*, 249 F.3d at 749 ("[A] defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction.").[4]

---

[4] The procedural default rule applies to a conviction obtained through trial or through the entry of a guilty plea. *See United States v. Cain*, 134 F.3d 1345, 1352 (8th Cir. 1997); *Walker v. United States*, 115 F.3d 603, 605 (8th Cir. 1997); *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997); *Thomas v. United States*, 112 F.3d 365, 366 (8th Cir. 1997); *Reid v. United States*, 976 F.2d 446, 448 (8th Cir. 1992).

4

## B. Timeliness Under the AEDPA and 28 U.S.C. § 2255.

The AEDPA contains a one year period of limitation during which a 28 U.S.C. § 2255 motion must be filed.[5] The statute of limitations begins to run from the latest of four circumstances. The first of these circumstances is the date on which the judgment of conviction became final. Here, the defendant's conviction became "final" on May 8, 2003–the last day he could have filed an appeal with the Eighth Circuit Court of Appeals. *See* Fed. R. App. P. 4(b)(1)(A) (indicating a defendant in a criminal case has ten days to file a notice of appeal); Fed. R. App. P. 26(a) (indicating it is appropriate when computing to exclude intermediate Saturdays, Sundays and legal holidays). *See also Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence becomes final, and the

---

[5] A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

statute of limitations begins to run, on the date on which the time for filing such an appeal expired."). *Cf. Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The defendant did not file his 28 U.S.C. § 2255 motion until January 24, 2005, which is well beyond the last day it properly could have been filed.

Further, the defendant's situation does not fall under any of the remaining three timeliness provisions set forth in 28 U.S.C. § 2255. Given his *Blakely* argument, the only timeliness provision that might be available to the defendant is the third timeliness provision, that is, the one where a "right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255. Nonetheless, on January 12, 2005, the Supreme Court addressed the impact of *Blakely* on the United States Sentencing Guidelines. *See United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). In *Booker*, the Supreme Court concluded the Sixth Amendment is violated by the imposition of an enhanced sentence under the United States Sentencing Guidelines based on the sentencing judge's determination of a fact (other than a prior conviction) that was not found by the jury or admitted by the defendant. *Booker*, ___ U.S. at ___, 125 S. Ct. at 756, 160 L. Ed. 2d at 650 (applying its decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Blakely v. Washington*, 542 U.S. ___, to the Federal Sentencing Guidelines). In addition, the Supreme Court, with respect to the appropriate remedy, instructed courts to apply *Booker* or its "holdings–both the Sixth Amendment holding and [the] remedial interpretation of the Sentencing Act–to all cases on direct review." *Booker*, ___ U.S. at ___, 125 S. Ct. at

769, 160 L. Ed. 2d at 665 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)). Given such instruction, the court finds the Supreme Court does not intend for its holdings in *Booker* to apply retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 307, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989) (prohibiting the application of new rules of criminal procedure on collateral review, except where the new rule places certain kinds of conduct beyond the power of the government to proscribe or requires the observance of procedures that are "implicit in the concept of ordered liberty").[6] Consequently, the defendant's direct reliance on *Blakely* or indirect reliance on *Booker* is unavailing for purposes of filing under the third timeliness provision which is contained in 28 U.S.C. § 2255.

The 1-year period of limitation for filing a 28 U.S.C. § 2255 motion is a statute of limitation, not a jurisdictional bar, and, thus, subject to equitable tolling. *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). However, equitable tolling only applies when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999). *See also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (addressing 28 U.S.C. §2254

---

[6] The court notes the Eighth Circuit Court of Appeals has not addressed this issue. Nonetheless, a review of applicable case law indicates the consensus of circuit courts is that *Booker* does not apply retroactively on collateral review. *See, e.g., Cirilo-Munoz v. United States,* No. 02-1846, 2005 U.S. App. LEXIS 6343, at *16 (1st Cir. Apr. 15, 2005); *Guzman v. United States*, No. 03-2446, 2005 U.S. App. LEXIS 5700, at *4 (2d Cir. Apr. 8, 2005); *Varela v. United States*, 400 F.3d 864, 866-68 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005). *Cf. In re Olopade*, No. 05-1617, 2005 U.S. App. LEXIS 5886, at *1 (3d Cir. Apr. 11, 2005) (denying permission to file a second or successive motion under 28 U.S.C. § 2255); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (same); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (same); *In re Anderson*, 396 F.3d 1336, 1340 (11th Cir. 2005) (same).

petition) (stating a defendant's unfamiliarity with federal law is not a ground for equitable tolling). The defendant does not offer any valid excuse for failing to timely file his 28 U.S.C. § 2255 motion. Therefore, the court finds the defendant's situation does not fall within the limitation period allowed by 28 U.S.C. § 2255.

In sum, all of the claims the defendant asserts could have been asserted before a judgment of conviction was entered, on direct appeal or in a timely 28 U.S.C. § 2255 motion. "'The one year period provided him with reasonable opportunity to file for relief; and if that time period has expired, it is the result of his own doing and not due to any inadequacy in the statute.'" *United States v. Lurie*, 207 F.3d 1075, 1078 (8th Cir. 2000) (quoting *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)). Although this is a harsh rule, it is the law. Accordingly, the defendant's 28 U.S.C. § 2255 motion shall be denied.

**IT IS THEREFORE ORDERED**:

The defendant's 28 U.S.C. § 2255 motion (Docket No. 50) is DENIED.

**DATED** this 4th day of May, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA